Filed 10/1/24  P. v. Taylor CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TERRY TAYLOR,<br><br>    Defendant and Appellant. | B329977<br><br>(Los Angeles County<br> Super. Ct. No. LA044074) |

APPEAL from an order of the Superior Court of Los Angeles County, Thomas Rubinson, Judge.  Affirmed.

Aurora Elizabeth Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, and Melanie Dorian, Deputy Attorney General, for Plaintiff and Respondent.

# INTRODUCTION

Appellant Terry Taylor (Taylor) was convicted of attempted murder and mayhem in 2005. In 2022, Taylor petitioned for resentencing under former Penal Code section 1170.95,[1] which has since been renumbered as section 1172.6. (Stats. 2018, ch. 1015, § 4; Stats. 2022, ch. 58, § 10.) The trial court denied his petition without an evidentiary hearing. We conclude that Taylor is ineligible for relief under section 1172.6, and therefore affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

We draw some of the facts here from the opinion on Taylor's direct appeal from his conviction, issued by a prior panel of this court in 2007. (*People v. Young* (March 21, 2007, B188300) [nonpub. opn.].)

In September 2003, Taylor and codefendant Jeffery Young (Young) were riding in a vehicle driven by Kristopher Govea (Govea). The vehicle pulled up next to a bus stop and a crowd of high school students. Some words were exchanged, and one of the passengers fired at least three times into the crowd. At trial, the prosecution argued that Young was the shooter, and Taylor was guilty as an aider and abettor.

A jury convicted both Taylor and Young of three counts of willful, deliberate, and premeditated attempted murder (Pen. Code, §§ 664/187, subd. (a)), as well as three counts of mayhem (§ 203).[2] The trial court sentenced Taylor to three consecutive sentences of 25 years to life on the attempted murder counts and stayed sentencing on the mayhem counts. This court

---

[1] All future statutory references are to the Penal Code, unless otherwise stated.

[2] The jury also found true a series of nine enhancements.

affirmed the judgment with minor modifications.[3] (*People v. Young, supra*, B188300.)

In 2022, Taylor petitioned the trial court for relief under former section 1170.95.[4] He argued that error in the instructions could have allowed the jury to find him guilty without the legally required intent. In 2023, the trial court held the required hearing under section 1172.6, subdivision (c), and determined that Taylor had not made a prima facie case for relief. The court ruled that the jury had been instructed on a direct aiding and abetting theory and instructed that an attempted murder conviction required a finding of intent to kill the victim. Therefore, Taylor was not eligible for resentencing.

Taylor timely appealed.

## DISCUSSION

### I.  *Governing Law*

In 2019, the legislature updated the murder statutes to limit vicarious liability for that offense. (Stats. 2018, ch. 1015, §§ 1-3; see *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) The legislature also provided a procedure for defendants to request resentencing if they had been convicted under previous versions of the law. (Stats. 2018, ch. 1015, § 4; see *Lewis, supra,* 11 Cal.5th at p. 959.) These changes were later expanded to cover convictions for attempted murder as well. (Stats. 2021, ch. 551.)

---

[3]     This court ordered two of the nine enhancements stricken; it did not reverse the verdict on any count, nor did it alter the sentence imposed. (*People v. Young, supra,* B188300.)

[4]     The petition papers could not be located by the trial court and are not part of the record here.

A person convicted of murder is eligible for resentencing if they were convicted of felony murder, or under the natural and probable consequences doctrine, or on any "other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a).) However, a person convicted of attempted murder is only eligible for resentencing if they were convicted under the natural and probable consequences doctrine. (*Ibid.*; *People v. Lovejoy* (2024) 101 Cal.App.5th 860, 865.)

"[U]nder the natural and probable consequences doctrine, an accomplice is guilty not only of the offense he or she directly aided or abetted (i.e., the target offense), but also of any other offense committed by the direct perpetrator that was the 'natural and probable consequence' of the crime the accomplice aided and abetted." (*People v. Gentile* (2020) 10 Cal.5th 830, 843 (*Gentile*) [superseded by statute on another ground as stated in *People v. Wilson* (2023) 14 Cal.5th 839, 869].) A prosecution under that doctrine must show that the defendant aided and abetted one crime, which foreseeably led to another. (*Gentile, supra,* 10 Cal.5th at pp. 843–844.)

In the context of attempted murder, a petition seeking resentencing under section 1172.6 must demonstrate (1) that the charging document filed against the defendant permitted the prosecution to proceed under the natural and probable consequences doctrine, (2) that the petitioner was convicted of attempted murder, and (3) that the petitioner could not presently be convicted of attempted murder due to the changes in section 188 or 189. (§ 1172.6 subd. (a).)

Upon receipt of a facially compliant petition, the trial court must hold a hearing "to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).) The court may examine the record of conviction

4

in determining whether the showing has been made, but must accept the petitioner's allegations as true unless the court's own documents contain facts refuting those allegations. (*Lewis, supra,* 11 Cal.5th at p. 971.)

We review the trial court's inquiry de novo. (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.)

II.    *Analysis*

Nothing in the record suggests, and Taylor does not argue, that the prosecution proceeded expressly under the natural and probable consequences doctrine. No jury instruction on that doctrine was given, nor was it mentioned by the prosecutor during argument. Instead, Taylor contends that the jury instructions, combined with the prosecutor's use of certain language at trial, invited the jury to employ the natural and probable consequences doctrine in substance, even if not in name.[5]

Taylor focuses on two instructions. The first, sometimes referred to as a "kill zone" instruction, told the jury that intent to harm one specific victim may include the intent to harm those close by: "[a] person who primarily intends to kill one person may also concurrently intend to kill other persons within a particular zone of risk. The intent is concurrent when the nature and scope of the attack, while directed at a primary victim, are such that it is reasonable to infer the perpetrator intended to kill the primary victim by killing everyone in that victim's vicinity." The second instruction explained

---

[5]    Taylor argues that he may have been convicted "under an invalid theory of imputed malice," and uses similar terms throughout his briefing. As discussed above, this is not the correct framing of the issue. While that argument might be available to a defendant who was convicted of murder, Taylor was convicted of attempted murder, and therefore resentencing is only available to him if he was convicted under the natural and probable consequences doctrine. (§ 1172.6, subd. (a).)

aiding and abetting: "[a] person aids and abets the commission or attempted commission of a crime when he, one, with knowledge of the unlawful purpose of the perpetrator, and, two, with the intent or purpose of committing or encouraging or facilitating the commission of the crime, and [*sic*], three, by act or advice aids, promotes, encourages, or instigates the commission of the crime."

Taylor argues that these instructions permitted the jury to find Taylor guilty if Young intended to kill anyone in range and Taylor intended to aid Young in the crime of a drive-by shooting. According to Taylor, by repeatedly referring to the incident as a "drive-by shooting," the prosecutor tried to lead the jury to a finding that Taylor intended to commit an assault with a firearm (§ 245 subd. (a)(2)), and then hold Taylor responsible for the attempted murder as a natural and probable consequence. Taylor's argument is not persuasive.

A similar argument was rejected in *People v. Cortes* (2022) 75 Cal.App.5th 198. In that case, the defendant had driven his car past a liquor store and someone had fired out the window, killing a person. (*Id.* at p. 200.) There as here, defendant argued that the prosecutor had invited the jury to find that defendant aided and abetted an assault with a firearm, with murder as a natural and probable consequence. (*Id.* at pp. 201–202.) Pointing to the fact that no other crime had been specifically charged or argued, the court found "no merit" in the "speculation" that the jury would rely on an "unidentified and uncharged crime, contrary to the trial court's instructions." (*Id.* at pp. 205–206.)

The same logic applies here. The phrase "drive-by shooting" is a factual description, not a legal term of art. A jury cannot be expected to link such a description to a different crime which was not presented to them. The trial

6

court did not instruct the jurors on assault with a firearm, and there is no indication in the record that the jurors were asked to make any findings about such an offense. In fact, during her rebuttal argument at closing, the prosecutor told the jury not to consider assault with a deadly weapon. There was no attempt to divert the jury into finding Taylor guilty of a crime with which he was never charged.

Taylor complains that the trial court failed to properly describe the specific intent needed to find Young guilty,[6] and then made it easier for the jury to find Taylor shared that intent as a direct aider and abettor. But even if the court erred in its instructions on the intent element of the crime, claims of general instructional error do not entitle Taylor to resentencing under section 1172.6.[7] (*People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 936.)

Finally, Taylor argues that the jury must have been confused because they convicted both Taylor and Young of firing "the exact same bullets." He bases this argument on the jury's special circumstances findings that both Taylor and Young "personally" discharged a firearm during the commission of the crime. However, section 1172.6 does not provide an avenue for general

---

[6] In a subsequent case, *People v. Canizales* (2019) 7 Cal.5th 591, the California Supreme Court limited the "kill zone" theory to circumstances where the only reasonable inference is that the defendant intended to kill everyone within a certain area. The Court explained that anything less "essentially equated attempted murder with implied malice murder." (*Id.* at p. 614.) Taylor argues that he has been convicted under a "no longer valid" theory of attempted murder. However, as already explained, Taylor is only entitled to relief under section 1172.6 if he was convicted under the natural and probable consequences doctrine. *Canizales* did not involve or discuss that doctrine.

[7] Because section 1172.6 is not the proper vehicle for review of instructional error, we need not and do not decide whether any such error occurred.

inquiry into trial proceedings, including the proceedings of the jury. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) The issue is not whether the jury was confused; the issue is whether Taylor was prosecuted and convicted under a natural and probable consequences theory. (§ 1172.6, subd. (a); see also *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [disapproved on an unrelated point in *Lewis, supra,* 11 Cal.5th at p. 962].) He was not.

Because we conclude that Taylor was not convicted under the natural and probable consequences doctrine and therefore has not made a prima facie case for relief under section 1172.6, we need not consider his arguments about whether there are any bars to relief. Because we find no forfeiture based on the actions of Taylor's appointed counsel at the hearing below, we need not discuss his alternative argument based on ineffective assistance of counsel.

## DISPOSITION

The order of the trial court is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

WE CONCUR:


CURREY, P. J.                          MORI, J.


8